IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| Rebecca Tucker, | : |
| | : |
| Plaintiff, | : Civil Action No.: 13-5260 |
| v. | : |
| | : **COMPLAINT AND DEMAND FOR** |
| Commonwealth Financial Systems, Inc.; and | : **JURY TRIAL** |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

## COMPLAINT

For this Complaint, the Plaintiff, Rebecca Tucker, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act 47, U.S.C. § 227, *et seq.* ("TCPA"), the Arkansas Fair Debt Collection Practices Act, A.C.A. § 17-24-501, *et seq.* ("AFDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Rebecca Tucker ("Plaintiff"), is an adult individual residing in Rogers, Arkansas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2).

5. Defendant Commonwealth Financial Systems, Inc. ("CFS"), is a Pennsylvania business entity with an address of 245 Main Street, Dickson City, Pennsylvania 18519, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A).

6. Does 1-10 (the "Collectors") are individual collectors employed by CFS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CFS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to CFS for collection, or CFS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

### B. CFS Engages in Harassment and Abusive Tactics

12. Within the last four years, CFS contacted Plaintiff by placing as many as three (3) calls daily to Plaintiff's cellular telephone in an attempt to collect the Debt.

13. At all times mentioned herein, CFS contacted Plaintiff on her cellular telephone using an automated telephone dialing system ("ATDS") and/or by using artificial or pre-recorded messages.

14. Plaintiff never provided her consent to be contacted on her cellular telephone to either CFS or Creditor.

15. CFS placed ATDS telephone calls to Plaintiff prior to 8:00a.m. and after 9:00p.m.

16. Upon answering each of CFS' ATDS telephone calls, Plaintiff heard an extended period of silence only after which a live representative came on the line.

17. During conversations, CFS refused to tell Plaintiff who she owed money to and the amount she owed. Instead, CFS ambiguously stated Plaintiff either owed money to a physician she had seen or for an emergency room visit.

18. Plaintiff informed CFS that regardless to whom she owed money, her Medicaid insurance would have covered the bill and she therefore did not owe any money. Accordingly, Plaintiff requested CFS cease placing the ATDS calls to her cell phone.

19. Despite awareness of such, CFS continued to harass Plaintiff with ATDS calls in its collection efforts.

20. On one occasion, CFS' representative deceptively stated it was calling from the "law offices of Commonwealth Financial Systems," leading Plaintiff to believe she was speaking with an attorney.

21. On August 1, 2013, Plaintiff informed CFS she had retained legal representation and provided her attorney's contact information. In response, CFS told Plaintiff that she could not sue them and that she was just "talking crap."

22. CFS proceeded to place a call to Plaintiff on August 2, 2013. During this conversation, Plaintiff repeated her attorney's contact information. CFS then rudely said "oh, I'm not dealing with you," and terminated the call on Plaintiff.

23. Plaintiff promptly returned CFS' call to ensure they understood she had legal representation for the harassment.

24. Moreover, at no point during this period did CFS send Plaintiff the required validation of the Debt pursuant to 15 U.S.C. § 1692g.

C. **Plaintiff Suffered Actual Damages**

25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq.*

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

29. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

30. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

32. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character of the debt.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

35. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

36. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

37. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ARKANSAS FAIR DEBT COLLECTION PRACTICES ACT – A.C.A. § 17-24-501, *et seq.*

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The Defendants' conduct violated A.C.A. § 17-24-504(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

41. The Defendants' conduct violated A.C.A. § 17-24-504(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

42. The Defendants' conduct violated A.C.A. § 17-24-505(a) in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

43. The Defendants' conduct violated A.C.A. § 17-24-505(b)(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

44. The Defendants' conduct violated A.C.A. § 17-24-506(a) in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

45. The Defendants' conduct violated A.C.A. § 17-24-506(b)(2) in that Defendants misrepresented the character of the debt.

46. The Defendants' conduct violated A.C.A. § 17-24-506(b)(3) in that Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

47. The Defendants' conduct violated A.C.A. § 17-24-507(a) in that Defendants used unfair and unconscionable means to collect a debt.

6

48. The Defendants' conduct violated A.C.A. § 17-24-508(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

49. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the AFDCPA, including every one of the above-cited provisions.

50. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE ARKANSAS DECEPRIVE TRADE PRACTICES ACT – A.C.A. § 4-88-101, *et seq.*

51. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The Defendants' actions constitute unfair or deceptive trade practices within the meaning of the Arkansas Deceptive Trade Practices Act, as defined by A.C.A. § 4-88-101 *et seq*.

53. As the result of Defendants' violations, the Plaintiff is entitled to injunctive relief and to recover actual damages and reasonable attorney's fees and costs.

## COUNT IV
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

54. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

56. If such consent was provided to Defendants or the Creditor to call her cellular telephone number, Plaintiff revoked her consent to be contacted by Defendants on her cellular telephone by her repeated demands to cease calling her cellular telephone.

57. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

58. Each of the aforementioned calls made by Defendants constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

59. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

60. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and A.C.A. § 17-24-512(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and A.C.A. § 17-24-512(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and A.C.A. § 17-24-512(3);

4. Actual damages pursuant to A.C.A. 4-88-113(f) against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to A.C.A. 4-88-113(f) against the Defendants;

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 5, 2013

Respectfully submitted,

By:_____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff